Filed 7/9/24  P. v. Grossi CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082957 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD186014) |
| MARC DAMON GROSSI, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Marc Damon Grossi, in pro. per.; and Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2007, a jury convicted Marc Damon Grossi of second degree murder (Pen. Code, § 187,[1] subd. (a); count 1) and felony hit and run resulting in death (Veh. Code, § 20001, subds. (a) & (b)(2); count 2).

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

Grossi was sentenced to an indeterminate term of 15 years to life in prison, which includes a concurrent term of three years for count 2.

Grossi appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Grossi* (Dec. 10, 2008, D050649).)

In 2023, Grossi filed a petition for resentencing under section 1172.6.

The court appointed counsel, received briefing, examined the record of conviction, and held a hearing. The court found Grossi was the sole perpetrator and the actual killer of the victim. The court concluded, Grossi was ineligible for resentencing under section 1172.6 and denied the petition without issuing an order to show cause and holding an evidentiary hearing. The court said:

> "At this time, based upon the record of conviction in this case, the Court finds that the defendant is ineligible for the relief requested as a matter of law. This finding is based upon a review of the record of conviction.
>
> "The record of conviction includes, but is not limited to, the jury instructions which were given. Those jury instructions show that the jury was not instructed on either the natural and probable consequence theory or the felony murder doctrines.
>
> "The defendant was convicted of second-degree murder. He was the sole individual that was charged in this case. Therefore, based upon the record of conviction solely, the Court finds that Mr. Grossi is ineligible for the relief requested."

Grossi filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

2

We advised Grossi he could file his own brief on appeal. He has responded with a supplemental brief. In his brief, he does not deny he was the sole perpetrator of the offenses. Instead, he challenges his original conviction after a jury trial. This appeal, however, is from the denial of his petition for resentencing under section 1172.6. It is not simply another appeal from the trial. Grossi's submission does not raise any potentially meritorious issues for reversal of the court's current order.

## DISCUSSION

As we have noted counsel has filed a *Delgadillo* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Whether Grossi was eligible for relief under section 1172.6.

We have independently reviewed the record for error. Our review has not identified any potentially meritorious issues for reversal on appeal. Competent counsel has represented Rossi on this appeal.

DISPOSITION

The order denying Grossi's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.